NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEX ROY DIAZ, *Appellant.*

No. 1 CA-CR 18-0335
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2016-114449-001
The Honorable Jacki Ireland, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Alex Roy Diaz was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Diaz, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 Police officers received a report of a trespasser at a vacant house. When the officers arrived, they approached Diaz as he was walking out of the house and into the backyard. Diaz told the officers he was helping remodel the house and had permission to stay overnight. The officers ran a check on Diaz and discovered he had an outstanding warrant, so they placed him under arrest and found a plastic bag containing methamphetamine in the left front pocket of his shorts. At trial, Diaz testified that he had no knowledge of the drugs because the shorts did not belong to him. The State countered with evidence that Diaz had knowledge of other items that were found in different pockets and the shorts appeared to fit him.

¶3 A jury found Diaz guilty of possession or use of dangerous drugs (methamphetamine). At the sentencing hearing, the superior court found the State proved Diaz had at least two historical prior felony convictions. The court then imposed a presumptive sentence of 10 years' imprisonment, with presentence incarceration credit of 284 days. Diaz filed a motion for a delayed appeal under Arizona Rule of Criminal Procedure 32.1(f) because his trial counsel failed to file a notice of appeal on his behalf. The court granted the motion and appointed appellate counsel.

¶4 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Diaz was present and

represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Diaz's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Therefore, we affirm Diaz's conviction and the resulting sentence.

¶5 Defense counsel's obligations pertaining to Diaz's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Diaz of the outcome of this appeal and his future options unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584–85; *see* Ariz. R. Crim. P. 32.4(a)(2)(D). Diaz has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA